UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH M. VERRIER,

    Plaintiff,

v.                                      Case No: 2:14-cv-744-FtM-29CM

PETER PERRINO and DIANE LAPAUL,

    Defendants.

## ORDER

Before the Court are Plaintiff's Notice of Motion to Amend Complaint (Doc. 11), filed on July 6, 2015, and Defendant's Motion for Extension of Time to Respond (Doc. 14), filed on July 10, 2015. Plaintiff's Notice states that he "will bring a motion to amend to original complaint," but then asks the Court to amend the complaint to reflect the proper name of Defendant Diane LaPaul (now Bell), increase the amount of damages and request additional injunctive relief. Doc. 11 at 1-2. Plaintiff asserts the amendment is necessary due to ongoing actions of the named Defendants.

Rule 7, Federal Rules of Civil Procedure, provides that "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). Section 5.3 of the Guide for Proceeding Without a Lawyer, which Plaintiff should have received as an attachment to the Court's prior Order denying without prejudice his motion to appoint counsel and taking under advisement his motion for leave to proceed *in forma pauperis*, explains that parties proceeding without a lawyer still must follow the same rules and procedures that lawyers must follow. Doc. 5-1 at 9; *see also Loren v. Sasser*, 309

F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures). In light of Plaintiff's *pro se* status, the Court will construe Plaintiff's Notice as a motion for leave to amend.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also In re Engle cases*, 767 F.3d 1082, 1108 (11th Cir. 2014). Here, none of these factors appear to be present. Instead, the case is in relative infancy and there is not yet a scheduling order, so no deadlines will be affected by permitting amendment at this early stage.

Moreover, although Defendants had not yet appeared in this matter at the time Plaintiff filed his Notice, their motion for extension of time suggests they agree to the amendment. *See* Doc. 14 at 1 ("Additionally, on July 6, 2015, the Plaintiff filed a Motion to Amend (Doc. 11) his First Amended Complaint (Doc. 6). The court has not ruled on this motion to amend, however, it would be appropriate to respond to Plaintiff's Second Amended Complaint upon its filing."); *id.* at 2 ("Plaintiff agrees to this motion for extension and he wishes to amend his First Amended Complaint and proceed under a Second Amended Complaint. Therefore, Plaintiff will not be prejudiced by the granting of an extension of time."). Accordingly, because any delay caused by the filing of a second amended complaint is minimal, and there is no case

schedule or evidence of bad faith or dilatory motive, the Court finds that leave should be freely given here in accordance with Rule 15(a)(2).

Although the Court will permit Plaintiff to amend his complaint, the Second Amended Complaint must comply with the Federal and Local Rules, and must be in proper form. Plaintiff should consult section 6.1 of the Guide for Proceeding Without a Lawyer for information regarding how to draft a complaint. *See* Doc. 5-1. Additionally, in the future Plaintiff must present all requests for relief in the form of a motion. For information about how to properly draft and present motions, Plaintiff should consult section 7.3 of the Guide for Proceeding Without a Lawyer. Plaintiff also should be aware that because Defendants now have appeared in this matter, he must confer with counsel for Defendants prior to filing most motions. *See* Middle District of Florida Local Rule 3.01(g). After conferring with counsel for Defendants, Plaintiff must include a certification in his motion that states whether counsel for Defendants opposes the relief he seeks in his motion.

Because the Court will permit Plaintiff to file a Second Amended Complaint, Defendant's motion for extension of time is moot. Upon the filing of Plaintiff's Second Amended Complaint, Defendants may file a response in accordance with the Federal and Local Rules.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Notice of Motion to Amend Complaint (Doc. 11), construed as a motion for leave to file a second amended complaint, is **GRANTED**. Plaintiff shall have up to and including **August 13, 2015** during which to file a second amended complaint.

2. Defendant's Motion for Extension of Time to Respond (Doc. 14) is **MOOT**. Upon the filing of Plaintiff's Second Amended Complaint, should Defendants need additional time to respond they may file an appropriate motion with the Court.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of July, 2015.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* Plaintiff