UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH M. VERRIER,

    Plaintiff,

v.                                                    Case No: 2:14-cv-744-FtM-29CM

PETER PERRINO and DIANE
BELL,

    Defendants.

## ORDER

Before the Court is Plaintiff Joseph M. Verrier's Motion to Appoint Council [sic] (Doc. 24), filed on August 21, 2015; Motion to Compell [sic] (Doc. 26), filed on September 2, 2015; and Motion to Appoint Council [sic] (Doc. 27), filed on September 2, 2015. For the reasons that follow, the motions to appoint counsel will be denied and the motion to compel will be denied without prejudice.

### I.   Motions to Appoint Counsel

Plaintiff requests that the Court appoint counsel to represent him in this matter because he is "unable to litigate this case on [his] own behalf because it is beyond [his] ability to comprehend the technical legal issues and procedure." Doc. 24 at 1. Plaintiff also states that he has "been unable to find an attorney because they claim they either do not have the expertise to handle the case, do not wish to alienate Florida DOC due to existing relationships with clients, or have DOC as a client." Doc. 27 at 2.

Plaintiff's previous request for the appointment of counsel was denied without prejudice. Doc. 5. In that Order, the Court explained that only exceptional circumstances justify the appointment of counsel in civil cases, such as where there are complex factual and legal issues. *See* Doc. 5 at 5 (quoting *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)). After considering the factors set forth in *Jones v. Salley*, the Court determined that Plaintiff already had demonstrated an ability to file documents and a basic understanding of the legal process, and Plaintiff's allegations stem from the manner in which the Florida DOC supervises him and therefore he has been a party to all actions giving rise to his complaint. Doc. 5 at 4-5; *see also Jones v. Salley*, No. 2:12-cv-510-FtM-29DNF, 2013 WL 1277892, at *2 (M.D. Fla. Mar. 28, 2013)). Accordingly, the Court denied his motion to appoint counsel without prejudice, and noted "[i]f as the case develops the Court finds that appointment of counsel is warranted, the Court may reconsider this issue upon proper motion or *sua sponte*." Doc. 5 at 5 n.3. The Court also encouraged Plaintiff to attempt to retain counsel. *Id.* at 6.

Plaintiff's first renewed motion to appoint counsel states that he has "diligently sought to obtain counsel" but has been unable to do so, and is hindered in his ability to prosecute this case because he "is prohibited from library access and is unable to properly research case law"; "defendants continue to supervise plaintiff, [and] there is a conflict with plaintiffs [sic] ability to properly conduct examinations and depositions of defendants"; "Defendants have motioned to dismiss based upon highly technical and complicated legal grounds for which [sic] Plaintiff is unable to

comprehend"[1]; and "there are approximately 7,000 people on the interstate compact within the state of Florida and under the supervision of the Florida Department of Corrections, this issue has wide ranging significance." Doc. 24 at 2. Plaintiff's second renewed motion to appoint counsel again asserts that he is unable to research or prosecute this case effectively "[d]ue to the actions of the defendants prohibiting the use of a computer, the internet or the attendance at libraries" and identifies four attorneys and law firms that he contacted regarding possible representation. Doc. 27 at 1.

Upon review of the case, the Court again finds that the facts and legal issues presented in this Section 1983 action are not "so novel and complex as to require the assistance of a trained practitioner" and Plaintiff has failed to show that his case "constitutes an exceptional circumstance" warranting the appointment of counsel. *See Jones*, 2013 WL 1277892, at *3 (denying plaintiff's motion to appoint counsel in Section 1983 action where the facts and claims were not complex, case was in initial stages of litigation and the plaintiff demonstrated ability to litigate action *pro se*); *Fowler*, 899 F.2d at 1096 (affirming denial of motion to appoint counsel where Plaintiff failed to show exceptional circumstances, claims were "relatively straightforward" and involved incidents the plaintiff himself had witnessed, and the

---

[1] Defendants' Motion to Dismiss Amended Complaint (Doc. 23), filed on August 13, 2015, asserts that Plaintiff's Amended Complaint fails to state claims for which relief may be granted; Defendants are entitled to qualified immunity; and Plaintiff failed to exhaust his administrative remedies, a mandatory precondition to filing suit.

plaintiff demonstrated an ability to represent himself). Plaintiff is therefore not entitled to the appointment of counsel in this matter.

## II. Motion to Compel

Plaintiff's motion to compel requests that defense counsel be ordered to comply with Court orders, and that the Court permit discovery to proceed without the required case management meeting. *See* Doc. 26. The motion to compel, as well as Plaintiff's two renewed motions to appoint counsel, fail to comply with Local Rule 3.01(g), which requires parties to confer with opposing counsel prior to filing motions in civil cases, with certain exceptions not applicable here. M.D. Fla. R. 3.01(g). The motion states that Plaintiff has attempted to contact defense counsel, but his calls and emails were not answered or returned. Attempts to confer are insufficient to satisfy a moving party's obligation to confer. M.D. Fla. R. 3.01(g) ("A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer."). In light of Plaintiff's apparent prohibition from internet access, the Court previously provided a copy of the Guide for Proceeding without a Lawyer. Doc. 5-1. The entirety of Local Rule 3.01(g) is quoted in the Guide. *See id.* at 18-19. Accordingly, the Court will deny the motion to compel without prejudice to being refiled in compliance with the Local Rules.

Plaintiff previously was informed that he must follow the Middle District of Florida Local Rules and the Federal Rules of Civil Procedure. *See* Doc. 17 at 1-2. Plaintiff again is reminded that although *pro se* pleadings generally are held to a less

stringent standard than pleadings drafted by an attorney and will be liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), it still is mandatory that *pro se* litigants proceed in accordance with Federal and Local Rules. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures). Plaintiff therefore is cautioned that all filings must comply with federal and local rules, and the Court will continue to strike or deny filings that fail to comply with applicable rules, and **repeated failure to comply may cause the Court to recommend that this case be dismissed**.

Even if the Court were to address the motion to compel on the merits, Rule 26, Federal Rules of Civil Procedure, provides that "[a] party may not seek discovery from any source before the parties have conferred" except in certain circumstances not presently before the Court, or pursuant to stipulation or Court Order. Fed. R. Civ. P. 26(d)(1). The Court finds no reason to permit early discovery in this case. Moreover, there is no evidence before the Court that counsel for Defendants has failed to comply with any of this Court's Orders.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff, Joseph M. Verrier's Motion to Appoint Council [sic] (Doc. 24) is **DENIED**.

2. Plaintiff, Joseph M. Verrier's Motion to Compell [sic] (Doc. 26) is **DENIED without prejudice**.

      3.      Plaintiff, Joseph M. Verrier's Motion to Appoint Council [sic] (Doc. 27) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of September, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* Plaintiff