UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH M. VERRIER,

    Plaintiff,

v.                             Case No: 2:14-cv-744-FtM-29CM

PETER PERRINO, Agent and
DIANE BELL, Supervisor,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Dismiss Amended Complaint (Doc. #23) filed on August 13, 2015. Plaintiff filed a Response to Motion to Dismiss (Doc. #25) on August 31, 2015, another Response to Motion to Dismiss (Doc. #28) on September 2, 2015, and an Amended Response in Opposition to Motion to Dismiss (Doc. #33) on November 5, 2015. Because it is unclear what causes of action plaintiff is attempting to assert and against whom, the Court will require plaintiff to file a Third Amended Complaint in accordance with Federal Rules of Civil Procedure 8 and 10.

**I.**

Plaintiff's Second Amended Complaint contains the following allegations: Plaintiff is a Sex Offender probationer following a conviction in the state of Wisconsin for child enticement under

the age of 17.  (Doc. #18, ¶ 3.)  Pursuant to the Interstate Compact for Adult Offender Supervision ("ICAOS"), plaintiff had his supervision transferred to the state of Florida where he is currently under the supervision of the Florida Department of Corrections ("FDOC").  (Id.)  On October 28, 2014, plaintiff attended a family court hearing where defendant FDOC Agent Perrino was called to testify. (Id. ¶ 4.)  Since attending the hearing at which defendant Perrino testified, defendants have "retaliated against Plaintiff for taking constitutionally protected activity of attending [the] family court hearing." (Id.)  The day after the hearing, defendants, Agents Perrino and Bell, rescinded the following previously granted permissions:  phone contact with his children, internet and computer use, and volunteering at his church. (Id. ¶ 5.)

Defendants "are supervising plaintiff inconsistent with the rules of the Federal Interstate Compact for Adult Offender Supervision" by "imposing GPS monitoring without court order, and imposing rules which only apply to individuals with dates of offense having occurred after plaintiff's date of offense." (Id. ¶ 10.)  Defendant Perrino retaliated against plaintiff by advising plaintiff's business associates to not to business with him. (Id. ¶ 16.)  Plaintiff "was arrested for non-compliance with GPS monitoring by agent Perrino and Supervisor Bell without any warrant on December 24, 2014 and held for two days before a Florida judge

2

dismissed the Violation of Probation charge after Plaintiff explained the Florida statute did not apply to him." (Id. ¶ 19.)

**II.**

On July 24, 2015, plaintiff filed a Second Amended Complaint against Agent Peter Perrino and Supervisor Diane Bell of the Florida Department of Corrections pursuant to 42. U.S.C. § 1983 and the Interstate Compact for Adult Offender Supervision. (Doc. #18.)

Upon review of plaintiff's Second Amended Complaint, it appears that plaintiff is attempting to lay out, at a minimum, a couple causes of action.  (Id.)  First, plaintiff seems to be asserting a 42 U.S.C. § 1983 retaliation claim. (See id. ¶¶ 4-9.) However, it is not precisely clear if he is asserting this retaliation claim against both defendants, or just one, nor is it clear what protected activity plaintiff engaged in for which he was then retaliated.  Plaintiff alleges general claims of what he believes to be retaliatory conduct on behalf of the defendants, but does not indicate the causal relationship or the alleged basis for defendants' retaliation.

It also appears that plaintiff is attempting to bring a substantive 42 U.S.C. § 1983 claim arising out of violation of the Interstate Compact for Adult Offender Supervision.  However, the Second Circuit has held that ICAOS does not create an express or implied federal private right of action.  M.F. v. State of N.Y.

3

Exec. Dep't Div. of Parole, 640 F.3d 491 (2d Cir. 2011); Castaneira v. Potteiger, -- F. App'x --, No. 15-1337, 2015 WL 4385694, at *1- (3d Cir. July 17, 2015). There are other allegations in plaintiff's complaint that may be attempts to assert additional causes of action, but it is unclear what, if any, other causes of action plaintiff is actually attempting to assert.[1]

Accordingly, the Court directs the plaintiff to file a Third Amended Complaint that clearly lays forth the causes of action that plaintiff is attempting to bring and against whom. Additionally, the Court directs plaintiff to allege the basic facts that support the elements of each cause of action asserted.

In the body of the Third Amended Complaint, plaintiff should clearly describe how each named defendant is involved in each alleged claim. Plaintiff must provide support in the statement of facts for the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for plaintiff to merely list constitutional rights or federal rights

---

[1] Within plaintiff's Amended Response to Defendants' Motion to Dismiss, plaintiff asserts that his "constitutional rights of equal protection, due process, association and speech are being infringed by defendants." (Doc. #33, ¶ 4.) However, these rights are not clearly alleged within the Complaint.

and/or statutes. Plaintiff must provide support in the statement of facts for the claimed violations.

Plaintiff is reminded that his pro se status does not free him from the requirements of the Local Rules of this Court[2] ("Local Rules") or the Federal Rules of Civil Procedure[3] ("Fed. R. Civ. P."), which plaintiff is directed to consult before filing additional material. While the Court has set forth some obligations and requirements in this Order, this Order does not set forth all of those requirements and should not be relied upon as limiting plaintiff's duties and obligations in litigating this case. The Court again directs plaintiff to review the "Proceeding Without a Lawyer." (Doc. #5-1.)

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. #23) is **granted without prejudice**.
2. Plaintiff's Second Amended Complaint (Doc. #18) is **dismissed without prejudice**. Plaintiff shall file a Third Amended Complaint **within FOURTEEN (14) DAYS** of this Opinion

---

[2] The Local Rules are accessible on the internet at www.flmd.uscourts.gov.

[3] A copy of the current Federal Rules of Civil Procedure can be obtained at law libraries, book stores, and from other widely available sources.

and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of December, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record