## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JOSEPH M. VERRIER,

        Plaintiff,

v.                                  Case No: 2:14-cv-744-FTM-29CM

PETER PERRINO and DIANE
LAPAUL,

        Defendants.

_____

## <u>ORDER</u>

Before the Court are Defendants' Motion for Stay of Discovery and Enlargement of Time to File Case Management Report and Incorporated Memorandum of Law ("Motion to Stay") (Doc. 37), filed on January 15, 2016. For the reasons set forth below, Defendant's Motion to Stay is granted for a period of sixty (60) days.

Plaintiff initially filed his *pro se* Complaint (Doc. 1) against Defendants on December 29, 2014, and subsequently filed an Amended Complaint (Doc. 6), and Second Amended Complaint (Doc. 18) on May 22, 2015 and July 24, 2015, respectively.  Doc. 37 at 1-3.  On August 13, 2015, Defendants filed a Motion to Dismiss the Second Amended Complaint (Doc. 23), and based on that motion, Defendants filed a Motion to Stay Discovery.  Doc. 30.  The undersigned granted Defendants' motion on October 23, 2015, stayed discovery for ninety (90) days until January 21, 2016, and required the parties to file of a case management report by January 31, 2016.  Doc. 32.  On December 4, 2015, the Court dismissed without

prejudice Plaintiff's Second Amended Complaint and granted Plaintiff leave to amend his complaint.   Doc. 34.   Plaintiff filed his Third Amended Complaint (Doc. 35), and Defendants have filed their Motion to Dismiss Plaintiff's Third Amended Complaint ("Motion to Dismiss") (Doc. 36), which asserts failure to state a claim for intentional discrimination, failure to state a claim for supervisory liability, and failure to state a claim for a violation of due process and equal protection.   Doc. 37 at 5.

Defendants Peter Perrino and Diane LaPaul now jointly request to stay discovery of this matter once again, pending a ruling by the Court on their motion to dismiss. The Eleventh Circuit has noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1983).   Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367 (footnote omitted).   "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). However, *Chadsuma* does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue

discovery costs mount.'" *Id.* (citing *In re Winn Dixie Stores, Inc.*, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted).

Defendants argue that the Court should grant the stay because they have made a number of dispositive arguments in their motion to dismiss; and, if discovery goes forward, unnecessary expense of time and litigation costs will be incurred. Doc. 37 at 6. Defendants also argue that discovery is premature given the issues raised in the motion to dismiss, and it would be impossible for the parties to intelligently set out a plan of discovery. *Id.* Moreover, Defendants allege that they cannot effectively consider the possibility of settlement without knowing the claims against which they will have to defend. *Id.*

Because there is a pending motion challenging the legal sufficiency of the complaint which, after taking a "preliminary peek," the Court finds meritorious, the Court will stay discovery for a period of sixty (60) days. Delaying discovery until the Court rules on whether Plaintiff has stated a viable cause of action will cause Plaintiff little harm.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Defendants' Motion for Stay of Discovery and Enlargement of Time to File Case Management Report and Incorporated Memorandum of Law (Doc. 37) is **GRANTED**.

2.      Discovery is **STAYED** for sixty (60) days until April 2, 2016.

3.      Within ten (10) days after the expiration of the sixty (60) day period, if this matter is not resolved by the dispositive motion or the Court has not yet ruled on the motion, the parties are directed to file their Case Management Report.

**DONE** and **ORDERED** in Fort Myers, Florida on this 2nd day of February, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record