UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH M. VERRIER,

         Plaintiff,

v.                               Case No:  2:14-cv-744-FtM-29CM

PETER PERRINO and DIANE
LAPAUL,

         Defendants.

_____

## ORDER

Before the Court are Defendants' Motion for Stay of Discovery and Enlargement of Time to File Case Management Report and Opposition to Plaintiff's Motion to Compel and Incorporated Memorandum of Law (Doc. 44), filed on June 1, 2016, and Plaintiff's Motion to Compel (Doc. 43), filed on May 31, 2016.  For the reasons set forth below, Defendant's Motion to Stay is granted, and Plaintiff's Motion to Compel is denied without prejudice.

Defendants Peter Perrino and Diane LaPaul, jointly request to stay discovery of this matter pending a ruling by the Court on their Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 36), which asserts failure to state a claim.  The Eleventh Circuit has noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.  *Chudasama v. Mazda Motor Corp.,* 123 F. 3d 1353 (11th Cir. 1983).  Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading

are presumed to be true." *Id.* at 1367 (footnote omitted).  "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.; Horsley v. Feldt,* 304 F. 3d 1125, 1131 n.2 (11th Cir. 2002).  *Chudasama,* however, does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss.  *Koock v. Sugar & Felsenthal, LLP,* 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009).  "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Id.* (citing *In re Winn Dixie Stores, Inc.,* 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted).

Defendants argue that the Court should grant the stay because they have made a number of dispositive arguments in their motion to dismiss; and if discovery goes forward, unnecessary costs will be incurred.  Doc. 44 at 6-7.  Defendants also argue that discovery is premature given the issues raised in the motion to dismiss, and it would be impossible for the parties to intelligently set out a plan of discovery.

*Id.* Moreover, Defendants allege that they cannot effectively consider the possibility of settlement without knowing what claims they will have to defend against. *Id.* at 7.

Because there is a pending motion challenging the legal sufficiency of the complaint which after taking a "preliminary peek" the Court finds meritorious, the Court will stay discovery for a period of thirty days. Despite Defendants' request to stay discovery for three months, the Court is inclined to stay discovery for only thirty days. Delaying discovery until the Court rules on whether Plaintiff has stated a viable cause of action will cause Plaintiff little harm.

Plaintiff *pro se* also filed a motion to compel against Defendants seeking declaratory relief ordering the Defendants to coordinate a case management report. Doc. 43. Because the Court finds that this case will be stayed for a period of thirty days, the requirement that the parties complete the Case Management Report also is stayed. Thus, Plaintiff's motion is denied without prejudice at this time.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Defendants' Motion for Stay of Discovery and Enlargement of Time to File Case Management Report and Opposition to Plaintiff's Motion to Compel and Incorporated Memorandum of Law (Doc. 44) is **GRANTED.**

2.    Discovery is **STAYED** for thirty (30) days until August 8, 2016.

3.    Within ten (10) days after the expiration of the 30-day period, if this matter is not resolved by the dispositive motion or the Court has not yet ruled on the

motion, the parties are directed to file their Case Management Report.

4.    Plaintiff's Motion to Compel (Doc. 43) is **DENIED without prejudice.** Should Plaintiff have difficulty completing the Case Management Report with Defendant after the stay has been lifted, Plaintiff may file a renewed Motion to Compel.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of July, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record