UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH M. VERRIER,

    Plaintiff,

v.   Case No: 2:14-cv-744-FtM-29CM

PETER PERRINO, Agent and
DIANE LAPAUL, Supervisor,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Dismiss Third Amended Complaint (Doc. #36) filed on January 8, 2016.  Plaintiff filed a Response and a Request for Appointment of an Attorney (Doc. #38) on January 21, 2016.[1]

**I.**

Plaintiff's Third Amended Complaint (Doc. #35) contains the following allegations:  Plaintiff is a Sex Offender probationer following a conviction in the state of Wisconsin for child enticement of a 17-year old. (Id. ¶ 2.) Pursuant to the Interstate Compact for Adult Offender Supervision ("ICAOS"), plaintiff had his supervision transferred to the state of Florida where he is currently under the supervision of the Florida Department of

---

[1] Plaintiff's Request for Appointment of an Attorney has been addressed by a separate Order.  (See Doc. #40.)

Corrections ("DOC"). (Id. ¶¶ 2-3.) On October 28, 2014, plaintiff attended a family court hearing where defendant FDOC Agent Perrino was called to testify. (Id. ¶ 20.) During the hearing, Agent Perrino was subjected to harsh cross-examination and, after testifying, was heard saying "never again, those two can't get along and I am treated like a criminal, never again."[2] (Id. ¶ 22.) Prior to the October 28th hearing, plaintiff was permitted to have regular phone conversations with his children, to have computer and internet access, and to volunteer at his church. (Id. ¶ 21.) The day after the hearing, LaPaul rescinded the following previously granted permissions: phone contact with his children, internet and computer use, and volunteering at his church. (Id. ¶¶ 25, 35.)

On December 24, 2014, plaintiff went to a restaurant without part of his GPS unit, or without his entire GPS unit, with him. (Id. ¶ 36.) Upon realizing that he had forgotten the unit, plaintiff notified a Cape Coral police officer that he had forgotten his GPS unit, returned home, and contacted the DOC. (Id.) The next day, Agent Perrino arrested plaintiff for violation of probation. (Id.) On December 24, 2014, a Lee County Judge held that plaintiff had not violated his probation by failing to

---

[2] Although unclear, the Court believes that "those two" refers to LaPaul and plaintiff.

take the unit with him to the restaurant because GPS monitoring had not been ordered, and therefore Florida Statute § 948.305(2)(e) did not apply to plaintiff. (Id. ¶ 37.) Following this incident, Agent Perrino re-imposed GPS monitoring on plaintiff. (Id.)

Plaintiff alleges that he made multiple complaints and reports regarding Agent Perrino and Supervisor LaPaul's actions (id. ¶¶ 28-29, 45), and that Agent Perrino and Supervisor LaPaul made repeated threats to plaintiff, (id. ¶¶ 42-44).

On December 29, 2014, plaintiff brought this action against Agent Peter Perrino and Supervisor Diane LaPaul. (Doc. #1.) Plaintiff has since amended his Complaint three times, resulting in the Third Amended Complaint being the operative pleading currently before the Court. While it is still somewhat unclear, the Court believes that Plaintiff's Third Amended Complaint sets forth the following causes of action: (1) First Amendment Retaliation, (2) Violation of Equal Protection pursuant to 42 U.S.C. § 1983, (3) Challenging Fla. Stat. § 948.30(1)(e) as a Violation of Due Process, and (4) Challenging Fla. Stat. § 948.03(1)(d) as a Violation of Due Process. (Doc. #35.) On January 8, 2016, defendants moved to dismiss plaintiff's Third Amended Complaint. (Doc. #36.) The arguments presented in defendants' Motion to Dismiss are not directed toward particular counts, but instead are presented in a more generic manner. The Court believes this is due to the manner that plaintiff has presented his

3

allegations. The Court will address the arguments presented in defendants' Motion to Dismiss as they are applicable to the indeterminate causes of actions alleged as the Court deems appropriate.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations

4

omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

"Generally, the existence of an affirmative defense will not support a motion to dismiss," Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), aff'd on reh'g, 764 F.2d 1400 (11th Cir. 1985) (en banc) (per curiam) (reinstating panel opinion), because plaintiffs are not required to negate an affirmative defense in their complaint. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). A complaint may be dismissed, however, when the existence of an affirmative defense "clearly appears on the face of the complaint." Quiller, 727 F.2d at 1069.

A pleading drafted by a party proceeding *pro se*, like the Third Amended Complaint at issue here, is held to a less stringent standard than one drafted by an attorney, and the Court will construe the allegations contained therein liberally. Jones v.

Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). "This liberal construction, however, does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" Hickman v. Hickman, 563 F. App'x 742, 743 (11th Cir. 2014) (internal quotation marks and citations omitted). *Pro se* parties are still required to conform to the procedural rules. Id.

### III.

Defendants move to dismiss plaintiff's Third Amended Complaint for failure to state a claim for intentional discrimination, failure to state a claim for supervisory liability, failure to state a claim for violation of due process and equal protection, failure to exhaust administrative remedies, qualified immunity, failure to allege supervisory liability, and failure to state a claim pursuant to the Interstate Compact. (Doc. #36.) Defendants have not articulated which count or counts the legal arguments included in its Motion to Dismiss are directed toward. As such, the Court will first address defendants' arguments that apply to plaintiff's Third Amended Complaint as a whole — that plaintiff's claims are premature for failure to exhaust administrative remedies and that the Interstate Compact does not create a federal right or remedy — then proceed to analyze the remaining arguments as the Court deems applicable to each individual count.

6

**A. Failure to Exhaust Administrative Remedies**

Defendants assert that plaintiff has failed to exhaust his administrative remedies prior to initiating this action. (Doc. #36, pp. 21-27.)  Specifically, defendants assert that plaintiff was required to exhaust the grievance procedures set forth in Florida Administrative Code, Rule 33-302.101 pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Id.)

The PLRA requires prisoners to exhaust administrative remedies prior to bringing an action with respect to prison conditions.  42 U.S.C. § 1997e(a).  "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).  Defendants assert that the PLRA required plaintiff to exhaust all administrative grievance procedures outlined in Rule 33-302.101 prior to initiating suit.  However, at the time this lawsuit was filed, plaintiff was a probationer and did not fit the definition of a prisoner under the PLRA.  Defendants have not pointed to any other authority that requires plaintiff to exhaust the administrative grievance procedures prior to filing suit.  Accordingly, defendant's motion to dismiss on the basis of failure to exhaust administrative remedies is denied.

**B. Interstate Compact**

Defendants argue that the Interstate Compact does not create an enforceable right or cause of action for plaintiff, alluding to the fact that plaintiff has attempted to bring his claims pursuant to the Interstate Compact. (Doc. #36, pp. 15-17.)

The Court agrees that the Interstate Compact for Adult Offender Supervision does not create a private right of action. M.F. v. State of N.Y. Exec. Dep't Div. of Parole, 640 F.3d 491, 495-97 (2d Cir. 2011) (finding special conditions could not be challenged on the basis that the conditions violated the Interstate Compact). Plaintiff's Third Amended Complaint does not allege that the defendants' actions violated the Interstate Compact for Adult Offender Supervision, but instead alleges that the defendants' actions violate the United States Constitution. Accordingly, the Court denies defendants' Motion to Dismiss on the basis that the Interstate Compact for Adult Offender Supervision does not create a private cause of action.

**C. Count I:  Retaliation**

Count I of plaintiff's Third Amended Complaint alleges that defendants retaliated against plaintiff for exercising his constitutional right to attend a court hearing. (Doc. #35, ¶¶ 20-53.) The Court does not find any arguments within defendants' motion to dismiss that plaintiff has failed to state a viable cause of action in Count I. Defendants have alleged, however, that they

8

are entitled to qualified immunity for claims against them in their individual capacities and that plaintiff has failed to allege supervisory liability against LaPaul.

**(1) Qualified Immunity**

Qualified immunity is an affirmative defense. While generally a plaintiff need not negate an affirmative defense in its complaint, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003) (citation omitted). "Once the affirmative defense of qualified immunity is advanced . . . [u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "The Supreme Court has urged [courts] to apply the affirmative defense of qualified immunity at the earliest possible stage in litigation because the defense is immunity from suit and not damages only." Id. (citation omitted).

Qualified immunity protects "government officials performing discretionary functions . . . from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

9

would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "To receive qualified immunity, a government official must first prove that he was acting within his discretionary authority." Cottone, 326 F.3d at 1357. Once this is established, "the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity." Id. at 1358 (citation omitted). In doing so, "the plaintiff must establish that the defendant violated a constitutional right. Then, the plaintiff must show that the violation was clearly established." Griffin Indus. Inc. v. Irvin, 496 F.3d 1189, 1199 (11th Cir. 2007) (citations omitted).

  **a. Scope of Defendants' Discretionary Authority**

  The first step in a qualified immunity analysis is to determine whether defendants established that the actions at issue were within the scope of their discretionary authority. Cottone, 326 F.3d at 1357. Defendants assert that probation officers and supervisors are authorized by Florida Statute 948.06(1)(a) to arrest probationers when there are reasonable grounds to believe that the probationer violated their probation. (Doc. #36, p. 20.) The Court agrees that these actions are well within the discretionary functions of defendants. While the Court finds that defendants' actions of arresting plaintiff for allegedly violating his probation are within the scope of their discretionary functions, plaintiff has alleged numerous other acts within Count

I as violative of his constitutional rights.[3] Accordingly, the Court finds that defendants have met their burden of establishing that their arrest of plaintiff for violating probation was within the scope of their discretionary functions, but have not met their burden as to the remainder of the allegations within Count I.

**b.    Constitutional Violation of Clearly Established Law**

As to the allegations involving defendants' arrest of plaintiff, plaintiff now bears the burden of establishing that this amounted to a constitutional violation of clearly established law to overcome defendants' qualified immunity affirmative defense.

"The essence of qualified immunity analysis is the public official's objective reasonableness, regardless of his underlying intent or motivation." Rushing v. Parker, 599 F.3d 1263, 1266 (11th Cir. 2010) (citation omitted). A probation officer has the authority to arrest a probationer when "there are reasonable grounds to believe that [the] probationer . . . has violated his or her probation . . . ." Fla. Stat. § 948.06(1)(a). Here, plaintiff went to a restaurant with only part of his GPS unit. (Doc. #35, ¶ 36.) Upon realizing he had forgotten the unit,

---

[3] Plaintiff also alleges that defendants rescinded previously granted permissions and made threats to plaintiff in retaliation of exercising his first amendment rights. Defendants have not alleged they are entitled to qualified immunity for these actions.

11

plaintiff notified a nearby police officer, returned home, and notified the DOC. (Id.) The next day, he was arrested and placed in jail for probation violation. (Id.) While the state court later determined that plaintiff had not violated his probation because the monitoring was not properly imposed as a condition of his probation, at the time of the arrest, it appears that both plaintiff and defendants believed that GPS monitoring was a condition of plaintiff's probation. The Court finds that defendants had arguable probable cause and reasonable grounds to believe that plaintiff had violated his probation. Accordingly, the Court does not find that there was a constitutional violation of clearly established law. As such, defendants are entitled to qualified immunity only as to their arrest of plaintiff for allegedly violating his probation.

### (2) Supervisory Liability

Defendants next assert that Count I should be dismissed against defendant LaPaul because plaintiff has failed to establish supervisory liability against LaPaul for Perrino's actions. (Doc. #36, pp. 13-14.)

"It is well established in [the Eleventh] Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone, 326 F.3d at 1360 (citation omitted).

12

> [S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Alternatively, the causal connection may be established when a supervisor's "'custom or policy . . . result[s] in deliberate indifference to constitutional rights'" or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

Id. (citations omitted).

Count I alleges that in retaliation for making Perrino testify, LaPaul called plaintiff and revoked plaintiff's pre-existing permissions. (Doc. #35, ¶ 25.) Viewing the allegations in the light most favorable to the plaintiff, the Court finds that these allegations are sufficient to allege that LaPaul directly and actively participated in the alleged unconstitutional conduct. Accordingly, defendants' motion to dismiss Count I on the basis that supervisory liability has not been alleged is denied.

### D. Count II: Intentional Discrimination in Violation of Equal Protection Clause

Count II of plaintiff's Third Amended Complaint asserts a claim for intentional discrimination in violation of the equal protection clause. (Doc. #35, ¶¶ 54-75.) Defendants move to dismiss Count II on the basis that plaintiff has failed to state a claim for intentional discrimination in violation of the equal

13

protection clause, defendants are entitled to qualified immunity in their individual capacities, and plaintiff has not established supervisory liability against LaPaul.

**(1) Failure to State a Claim**

Defendants allege that plaintiff has failed to state a claim for intentional discrimination in violation of the equal protection clause because plaintiff has: (1) failed to allege disparate treatment against sex offender probationers when compared to probationers generally, (2) failed to make a "class of one" argument, and (3) failed to demonstrate defendants intentionally discriminated against him. (Doc. #36, pp. 4-7, 13.)

The Fourteenth Amendment prohibits states from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. The "purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook v. Olech, 528 U.S. 562, 565 (2000) (quoting Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 445 (1923)).

"[T]o properly plead an equal protection claim, a plaintiff need only allege that through state action, similarly situated persons have been treated disparately." Busse v. Lee County, 317

14

F. App'x 968, 973 (11th Cir. 2009) (quoting Thigpen v. Bibb County, 223 F.3d 1231, 1237 (11th Cir. 2000)). The Eleventh Circuit recognizes claims for intentional discrimination in violation of the equal protection clause where plaintiff alleges that he is part of a class that is being treated disparately and where plaintiff adequately sets forth a "class of one" theory. See Village of Willowbrook, 528 U.S. at 565. "A 'class of one' equal protection claim does not allege discrimination against a protected class, but rather asserts that the plaintiff has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Leib v. Hillsborough Cty. Pub. Transp. Comm'n, 558 F.3d 1301, 1306 (11th Cir. 2009) (citation omitted).

Within plaintiff's Third Amended Complaint, plaintiff alleges that defendants, as appointed supervisors by the Florida Department of Corrections, acting under color of law, treated plaintiff differently than similarly situated probationers. (Doc. #35, ¶¶ 3, 10, 54, 57, 59-60, 62-63, 72.) The Court finds these allegations sufficient to state an equal protection claim. Accordingly, defendants' motion to dismiss Count II of plaintiff's Third Amended Complaint for failure to state a claim is denied.

### (2) Qualified Immunity

As discussed supra, in asserting the affirmative defense of qualified immunity, the initial burden is on the defendants to

15

show that the actions at issue were within the scope of their discretionary functions. Here, defendants assert that their arrest of plaintiff was within the scope of their discretionary functions. (Doc. #36, pp. 17-21.)

Within Count II of plaintiff's Third Amended Complaint, plaintiff alleges that defendants Perrino and LaPaul are applying supervision statutes to him that are not applied to similarly situated probationers and imposing special conditions on him that are not imposed on similarly situated probationers. Plaintiff has not alleged that his arrest was discriminatory in violation of the equal protection clause. Accordingly, plaintiff's allegations in Count II are sufficient to overcome defendants' assertion of qualified immunity at this stage of the proceedings.

### (3) Supervisory Liability

Defendants next assert that plaintiff's claims against LaPaul should be dismissed because plaintiff has failed to allege a basis for imposing supervisory liability. (Doc. #36, pp. 13-14.)

Plaintiff's Third Amended Complaint alleges that Perrino and LaPaul are applying special conditions and supervision requirements on plaintiff that are not applied to similarly situated probationers. (Doc. #35, ¶¶ 61-62, 64, 70.) Once again, viewing the allegations in the light most favorable to the plaintiff, the Court finds that plaintiff has alleged that LaPaul was actively and directly involved in the alleged constitutional

violations. Accordingly, defendants' motion to dismiss Count II against LaPaul on the basis of supervisory liability is denied.

**E. Unconstitutionality of Florida Statute § 948.30(1)(e)**

Defendants next argue that plaintiff has failed to state a claim challenging the constitutionality of Florida Statute § 948.30(1)(e). (Doc. #36, pp. 7-11.) While the Third Amended Complaint again is not entirely clear what due process violations are being alleged,[4] defendants address allegations of substantive and procedural due process violations in their motion to dismiss. (Id.)

Upon review of the Third Amended Complaint, it appears that within Count III plaintiff is attempting to allege that Florida Statute § 948.30(1)(e) is void for vagueness in violation of the due process clause. (Id.) Within Count III plaintiff alleges that Florida Statute 948.30(1)(e) is unconstitutionally vague

---

[4] The gravamen of Count III of plaintiff's Second Amended Complaint is challenging the constitutionality of Florida Statute § 948.30(1)(e) as being void for vagueness. The Court notes that while there may be additional allegations within Count III suggesting that plaintiff is attempting to assert additional due process violations, in light of plaintiff's pro se status and interpreting the allegations in the light most favorable to plaintiff, the Court deems that plaintiff is only asserting a claim for void for vagueness within Counts III and IV. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). If plaintiff is attempting to assert additional claims, plaintiff should request leave of Court to file an amended pleading setting forth each basis, i.e., cause of action, in a separate count.

17

because it does not provide "clear guidance as to where plaintiff may and may not go" (Doc. #35, ¶¶ 76, 102), and without such clear guidance, plaintiff is unable to determine what he is and is not prohibited from doing.

Defendants have not alleged that plaintiff has failed to state a void for vagueness claim. (See Doc. #36.)  As such, the Court declines to dismiss Count III of plaintiff's Third Amended Complaint against defendants in their official capacity.

Additionally, it is clear that when challenging the constitutionality of a rule of law, plaintiff must bring the "action against the state official or agency responsible for enforcing the allegedly unconstitutional scheme." Women's Emergency Network v. Bush, 214 F. Supp. 2d 1316, 1317 (S.D. Fla. 2002) (citing ACLU v. The Fla. Bar, 999 F.2d 1486, 1490-91 (11th Cir. 1993)).  Accordingly, to the extent that plaintiff is attempting to assert Count III against defendants in their individual capacities, those claims are dismissed with prejudice.

### F. Count IV: Unconstitutionality of Florida Statute § 948.03(1)(d)

Count IV challenges the constitutionality of Florida Statute § 948.03(1)(d). (Doc. #35, ¶¶ 106-16.)  As with Count III, while it is unclear what violations plaintiff is alleging, defendants address allegations of substantive and procedural due process violations in their motion to dismiss. (Doc. #36, pp. 7-11.)

18

The Court reads Count IV as asserting a claim that the statute is void for vagueness – as plaintiff asserted in Count III. (Doc. #35, ¶¶ 106-07, 115.) Defendants, however, do not allege that plaintiff has failed to state a void for vagueness claim. (See Doc. #36.) As such, the Court declines to dismiss Count IV of plaintiff's Third Amended Complaint against defendants in their official capacities. For the reasons previously discussed, Count IV is dismissed with prejudice against defendants in their individual capacities. Women's Emergency Network, 214 F. Supp. 2d at 1317 (citing ACLU, 999 F.2d at 1490-91).

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss Third Amended Complaint (Doc. #36) is **GRANTED in part and DENIED in part**.

> a. Count I is dismissed without prejudice as to defendants in their individual capacities only as it relates to defendants' arrest of plaintiff for allegedly violating his probation; defendants' Motion to Dismiss Count I is otherwise denied;
>
> b. Defendants' Motion to Dismiss Count II is denied;
>
> c. Counts III and IV are dismissed with prejudice against defendants in their individual capacities; defendants' Motion to Dismiss Counts III and IV is otherwise denied.

2. Defendants shall file a responsive pleading to plaintiff's Third Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Parties of record