## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JOSEPH M. VERRIER,

        Plaintiff,

v.                                    Case No:  2:14-cv-744-FtM-29CM

PETER PERRINO and DIANE
LAPAUL,

        Defendants.

_____

### ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Compel - Rule 26 (Doc. 85); Plaintiff's Motion for Document (Doc. 87); and Plaintiff's Motion for Extended Interrogatories (Doc. 88).   Defendants oppose Plaintiff's motion to compel (Doc. 85) and for extended interrogatories (Doc. 88).   Docs. 90, 91.

In his motion to compel, Plaintiff seeks to compel Defendants to produce certain documents.   Doc. 85.   Plaintiff argues that he asked Defendants to produce certain documents pertaining to him, which they did not provide.   *Id.* at 1.   Plaintiff alleges that Defendants asked for $95 to produce these documents as part of discovery.   *Id.*   Plaintiff asserts that Defendants should bear the cost of producing the requested documents.   *Id.* at 2.   As Defendants accurately point out, however, Plaintiff does not identify which documents he seeks to compel.   Doc. 90 at 2. Furthermore, based on the description of the documents, Defendants state that on November 14, 2016, they served their responses to Plaintiff's request for documents, which included various objections.   *Id.* at 2-4.   Plaintiff does not provide any

evidentiary or legal ground as to why the Court should overrule Defendants' objections and compel Defendants to produce the requested documents.   Doc. 85.

In addition, Plaintiff alleges that he asked for the records of the hearing held on April 20, 2016 before the Florida Commission on Offender Review.   *Id.* at 2. Plaintiff argues that he needs the records in order to prove that Defendant Peter Perrino ("Perrino") committed perjury under oath.   *Id.* at 3.   Plaintiff states that he would waive this request for the records if Perrino testifies to a certain number of statements provided in the motion.   *Id.*   Under Rule 34(a)(1) of the Federal Rules of Civil Procedure, a party may serve on the other party a request to produce items that are in the responding party's possession, custody, or control.   Fed. R. Civ. P. 34(a)(1). Here, Defendants respond that they cannot produce the requested records because they do not have custody or control of the hearing records.   Doc. 90 at 5.   Based on the above reasons, Plaintiff's motion to compel (Doc. 85) is denied.

In his motion for extended interrogatories, Plaintiff seeks to serve a total of 100 interrogatories and additional twenty (20) interrogatories in the future.   Doc. 88 at 4.   Plaintiff argues that he only recently learned that the Counts III and IV of his Third Amended Complaint survived.   Docs. 46 at 19-20; 88 at 2.   Furthermore, Plaintiff asserts that serving more interrogatories than permitted under the Federal Rules of Civil Procedure is necessary because the majority of the evidence is in Defendants' possession and he needs to establish the inconsistency and arbitrary nature of the statute in question.   Doc. 88 at 3-4.

Rule 33 of the Federal Rules of Civil Procedure allows a party to serve on another party "no more than 25 written interrogatories, including all discrete subparts" unless otherwise stipulated or ordered by the court.   Fed. R. Civ. P. 33(a)(1).   "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1)[1] and (2).[2]"   Fed. R. Civ. P. 33(a)(1).   Here, Plaintiff does not show at all how the extent of his request is consistent with Rule 26(b)(1) or (2) as required by Rule 33(a)(1).   *See* Fed. R. Civ. P. 33(a)(1).   In addition to the limitations imposed by the Federal Rules of Civil Procedure, Defendants point out that the parties agreed to serve no more than 25 interrogatories, including sub-parts, in their Case Management Report.   Doc. 51 at 6.   Based on the reasons above, the Court will deny Plaintiff's motion for extended interrogatories.

With regard to his motion for documents, Plaintiff seeks a copy of the Third Amended Complaint (Doc. 35).   Doc. 87.   Defendants have not filed any brief in opposition to the motion, and their time to do so has expired.   As result, the Court will grant Plaintiff's motion for documents.

---

[1] Rule 26(b)(1) defines the scope of discovery as follows:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

[2] Rule 26(b)(2) imposes limitations on frequent and extent of discovery, such as the number of depositions and interrogatories or electronically stored information.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Plaintiff's Motion to Compel - Rule 26 (Doc. 85) is **DENIED**.

2.    Plaintiff's Motion for Documents (Doc. 87) is **GRANTED**.   A Clerk of Court is directed to mail a copy of the Third Amended Complaint (Doc. 35) to Plaintiff.

3.    Plaintiff's Motion for Extended Interrogatories is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

Joseph Verrier *pro se*