UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH M. VERRIER,

    Plaintiff,

v.                                    Case No: 2:14-cv-744-FtM-29CM

PETER PERRINO and DIANE LAPAUL,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Request for Deposition of Third Party (Doc. 94); Plaintiff's Injunctive/Declaratory Relief (Doc. 97); Plaintiff's Motion to Compel per Rule 26(c)(2) (Doc. 99); and Plaintiff's Motion to Appoint Counsel (Doc. 101). Defendants responded in opposition to Plaintiff's Injunctive/Declaratory Relief. Doc. 102.

Plaintiff's request for deposition (Doc. 94) alleges that Plaintiff wishes to depose attorney Roy Foxall to refute Defendant Diane LaPaul's statement. Doc. 94 at 1. Plaintiff seeks the Court to explain proper procedures for taking a deposition and requesting production of documents. *Id.* at 2. Plaintiff should be mindful that even if he is proceeding pro se, he "must follow the rules of procedure," and "the district court has no duty to act as a pro se party's lawyer." *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011); *Harvick v. Oak Hammock Pres. Cmty. Ass'n Inc.*, No. 6:14-cv-937-Orl-40GJK, 2015 WL 667984, at *2 (M.D. Fla. Feb. 17, 2015). In other words, "the trial judge is under no duty to provide personal

instruction on courtroom procedure or to perform any legal 'chores' for the [party] that counsel would normally carry out." *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000). In addition, Plaintiff seeks a copy of the Third Amended Complaint. *Id.* at 2. On December 30, 2016, the Court already directed the Clerk of Court to mail a copy to Plaintiff. Doc. 93 at 4. Accordingly, the Court will deny Plaintiff's Request for Deposition of Third Party. Doc. 94.

Plaintiff's Injunctive/Declaratory Relief (Doc. 97) asks that the Court cease Defendants' and the Florida Department of Corrections' order to disable all email accounts Plaintiff has used and also compel Defendants to permit others to email on behalf of Plaintiff. Doc. 97 at 6. Plaintiff filed an Addendum to this motion on January 23, 2017. Doc. 100. Defendants argue that this motion seeks the Court's involvement in the conduct and supervision of Plaintiff's probation. Doc. 102 at 3. As Senior United States District Judge John E. Steele held in his previous Order, Plaintiff's motion does not present "any basis to justify this Court interfering with the domestic and/or criminal state court proceedings." Doc. 77 at 3. Furthermore, the Court already has addressed this issue in denying Plaintiff's request to lift internet use restrictions and GPS monitoring imposed on Plaintiff. Doc. 75 at 3. As a result, Plaintiff's Injunctive/Declaratory Relief (Doc. 97) is denied.

Plaintiff's Motion to Compel per Rule 26(c)(2) seeks to compel Defendants to produce any publicly available documents or materials provided to probationers and the Florida Department of Corrections' internal documents on how agents enforce certain statutes. Doc. 99 at 2. Defendants have not responded to this motion, and

their time to do so has expired. Accordingly, the Court will direct Defendants to respond to this motion and take this motion under advisement pending Defendants' response.

Plaintiff's Motion to Appoint Counsel (Doc. 100) is Plaintiff's third renewed motion to appoint counsel. Docs. 5, 24, 27. The Court has denied Plaintiff's prior motions for appointment of counsel. Doc. 29. Plaintiff's present motion does not present any new legal ground as to why the Court should reverse its prior rulings and grant Plaintiff's motion. Doc. 101. In light of the Court's prior rulings, the Court will deny Plaintiff's present motion. Doc. 29.

ACCORDINGLY, it is hereby

ORDERED:

1. Plaintiff's Request for Deposition of Third Party (Doc. 94) is **DENIED**.

2. Plaintiff's Injunctive/Declaratory Relief (Doc. 97) is **DENIED**.

3. Plaintiff's Motion to Compel per Rule 26(c)(2) (Doc. 99) is **TAKEN UNDER ADVISEMENT**. Defendants shall have up to and including **February 15, 2017** to file a response to Plaintiff's Motion to Compel per Rule 26(c)(2).

4. Plaintiff's Motion to Appoint Counsel (Doc. 101) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of February, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Joseph M. Verrier *pro se*