UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH M. VERRIER,

    Plaintiff,

v.                                                                                        Case No: 2:14-cv-744-FtM-29CM

PETER PERRINO and DIANE
LAPAUL,

    Defendants.

# ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Compel per Rule 26(c)(2) (Doc. 99); Plaintiff's Motion to Compel per Rule 37 (Doc. 104); Plaintiff's Motion for Discovery from Non-Party under Rule 45 (Doc. 107); and Plaintiff's Motion to Compel Discovery per Rule 34 (Doc. 108).

Plaintiff's Motion to Compel per Rule 26(c)(2) seeks to compel Defendants to produce any publicly available documents or materials provided to probationers and the Florida Department of Corrections' ("DOC") internal documents on how agents enforce certain statutes. Doc. 99 at 2. The Court took this motion under advisement pending Defendants' response. Doc. 106 at 3. On February 15, 2017, Defendants filed a response in opposition, arguing that Plaintiff's discovery request is vague and overbroad because the request seeks "any documents pertaining to DOC internal policy" on Florida statutes at issue in this case. Docs. 99 at 13, 110 at 2. Defendants assert that Plaintiff's discovery request does not specify what documents it is seeking, although this case involves several statutes. Doc. 110 at 2. As a

result, Defendants argue that their objections to Plaintiff's discovery request still stand.  Doc. 99 at 13-14; *Id.* at 3.  Based upon the parties' arguments, the Court sustains Defendants' objections to Plaintiff's discovery request, and will deny Plaintiff's motion to compel per Rule 26(c)(2) (Doc. 99).

Plaintiff's Motion to Compel per Rule 37 (Doc. 104) seeks to compel Defendants to produce documents in response to his discovery request, "[w]here there any other directives to guide you in determing [sic] where a probationer could go and where they could not go?"  Doc. 104 at 3.  Plaintiff argues that Defendants withheld the requested documents on the ground of privilege, and seems to suggest that the attorney-client privilege asserted by Defendants does not apply to his request.  Docs. 99 at 8, 104 at 2-3.  Defendants argue that they already responded to this request, and Plaintiff is seeking documents in his own probation file or free copies of publicly available documents.  Doc. 111 at 2.  Plaintiff's motion to compel per Rule 37 (Doc. 104) is denied.

Plaintiff's Motion for Discovery from Non-Party under Rule 45 (Doc. 107) seeks that the Court compel attorney Roy Foxall to produce certain email correspondences by ordering the Clerk's Office to serve a subpoena to attorney Foxall.  Doc. 107 at 2. As noted in the Court's previous Order, even if Plaintiff is proceeding pro se, he "must follow the rules of procedure," and "the district court has no duty to act as a pro se party's lawyer."  *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011); *Harvick v. Oak Hammock Pres. Cmty. Ass'n Inc.*, No. 6:14-cv-937-Orl-40GJK, 2015 WL 667984, at *2 (M.D. Fla. Feb. 17, 2015).  Accordingly, Plaintiff should

follow proper procedures under Rules 34 and 45 instead of seeking the Court's legal assistance with his discovery request. Plaintiff's Motion for Discovery from Non-Party under Rule 45 (Doc. 107) is denied.

Upon review of Plaintiff's motions to compel (Docs. 99, 104, 108), the Court finds that Plaintiff's motions not only lack legal grounds to support the motions but also seek redundant documents. For example, Plaintiff's motions (Docs. 99, 104) seek the documents pertaining to supervision of probation, although the motions involve separate discovery requests. Docs. 99 at 13, 104 at 3.

Defendants address this concern in their response to Plaintiff's motion (Doc 99). Doc. 110. In their response, Defendants assert that Plaintiff has served ten requests for production of documents, five sets of interrogatories, eight sets of admissions, and twenty-seven separate discovery packets, which are poorly drafted and organized. *Id.* at 3. Defendants argue that most of Plaintiff's production requests seek documents in his own probation file, which Plaintiff refuses to get on his own. *Id.* Defendants also claim that the remaining requested documents are in the public domain, which Plaintiff can request and view. *Id.* Regardless, Defendants assert that they do not object to Plaintiff's review of his own records. *Id.* at 4.

As a party serving discovery requests and filing discovery motions, Plaintiff must follow Rule 26(g) that states, "every discovery request, response, or objection must be signed . . . by the party personally, if unrepresented." Fed. R. Civ. P. 26(g)(1). The signature certifies that:

> to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, . . . [the discovery request] is consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; [] not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and [] neither unreasonably nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B). Hence, if Plaintiff serves a discovery request in violation of the Rule 26(g) certification without substantial justification, the Court "*must* impose an appropriate sanction on the signer," such as attorney's fees caused by the violation. Fed. R. Civ. P. 26(g)(3) (emphasis added). Here, by serving discovery requests that seek documents filed by Plaintiff himself or available in public, Plaintiff's discovery requests create a question of whether the certification provided with the discovery requests complies with Rule 26(g).

Similarly, Plaintiff's Motion to Compel Discovery per Rule 34 (Doc. 108) again pertains to some of the previously sought or Plaintiff's own documents, such as monthly probation reports filed by Plaintiff, notations made in Plaintiff's case file, and any DOC documents pertaining to the statutes at issue in this case. Doc. 108 at 1-2. As a result, the Court will deny this motion with a caution that Plaintiff must serve discovery requests in compliance with Rule 26(g) or face the likelihood that the Court will impose sanctions, and he should not seek the Court's legal assistance with his discovery requests.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Compel per Rule 26(c)(2) (Doc. 99) is **DENIED**.

2. Plaintiff's Motion to Compel per Rule 37 (Doc. 104) is **DENIED**.

3. Plaintiff's Motion for Discovery from Non-Party under Rule 45 (Doc. 107) is **DENIED**.

3. Plaintiff's Motion to Compel Discovery per Rule 34 (Doc. 108) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of February, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Joseph Verrier *pro se*