UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH M. VERRIER,

    Plaintiff,

v.                          Case No: 2:14-cv-744-FtM-29CM

PETER PERRINO, Agent and
DIANE LAPAUL, Supervisor,

    Defendants.

**OPINION AND ORDER**

    This matter comes before the Court on plaintiff's Motion to Appoint Council [sic] Review by Judge Steel [sic] (Doc. #113) filed February 17, 2017.  On March 7, 2017, defendants filed a Response in Opposition to Plaintiffs Motion to Appoint Counsil (sp). (Doc. #119.)

    Plaintiff, again, requests that the Court appoint counsel to represent him in this matter because he "is prohibited from using any library resources to prosecute this case," and "[d]efendants are currently depriving plaintiff of all access to the internet." (Doc. #113, p. 1.)  Therefore, "[w]ith no access to libraries, online court documents, online case law research, the plaintiff is being denied his constitutional due process rights," and requests the Court to appoint counsel.  (Id. at 3, 6.)  Plaintiff also asserts that he is "insufficiently able to perform adequate discovery or defense" and "[a] qualified attorney will have the

tools and ability to discover case law as this court has previously requested and to perform adequate discovery." (Id. at 3, 4.)

Plaintiff has requested, and been denied, the appointment of counsel by the Magistrate Judge on numerous other occasions. (See, e.g., Docs. ##5, 29, 40, 106.)  The Magistrate Judge previously reasoned that the "facts and legal issues presented in this Section 1983 action are not 'so novel and complex as to require the assistance of a trained practitioner' and Plaintiff has failed to show that his case 'constitutes an exceptional circumstance' warranting the appointment of counsel." (Doc. #29, p. 3) (quoting Jones v. Salley, No. 2:12-cv-510-FtM-29DNF, 2013 WL 1277892, at *3 (M.D. Fla. Mar. 28, 2013)).  This Court agrees and denies plaintiff's Motion to Appoint Council [sic] Review by Judge Steel [sic].  (Doc. #113.)

As previously articulated by this Court in Jones v. Salley, "[a] civil litigant, including a prisoner pursuing a § 1983 action, has no absolute constitutional right to the appointment of counsel. The appointment of counsel is instead a privilege that is justified only by exceptional circumstances." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted).  Although there is no comprehensive definition for what constitutes "exceptional circumstances," the Court should consider the following factors: (1) the type and complexity of the case; (2) the abilities of the individual bringing it; (3) whether the individual is in the

position to adequately investigate his case; and (4) whether the evidence will consist mostly of conflicting testimony so as to require skill in cross-examination.  Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted).  "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the [C]ourt.  Where the facts and issues are simple, he or she usually will not need such help."  Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993); see also Redmond v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (focusing on "exceptional circumstances" requirement necessary to appoint counsel).

While plaintiff has not alleged that he is unable to afford to hire counsel in his present motion, he did previously make such allegations.  (See, e.g., Docs. ##24, 27.)   However, these previous representations that plaintiff was unable to afford counsel were made over a year and a half ago and plaintiff has failed to indicate in his present motion his current financial state.   (Doc. #113.) Further, as the Magistrate Judge has previously found, plaintiff has demonstrated the ability to present the essential merits of his position to the Court and does not require the appointment of counsel to effectively bring his case.  Additionally, while the inability of a prisoner to access library resources may justify the appointment of counsel, see Bounds v. Smith, 430 U.S. 817 (1977), plaintiff has not alleged

that he is currently an inmate.  Plaintiff instead alleges that Lee County Ordinance 11-05 prohibits him from going to private or public libraries.  (Doc. #113, p. 1.)  This limitation is due to plaintiff's status as a sexual predator and/or sexual offender.  The Court finds that even with limitations on his access to private and public libraries, to date, plaintiff has shown that this has not limited his ability to litigate this matter.[1]  Accordingly, plaintiff's Motion to Appoint Council [sic] Review by Judge Steel [sic] (Doc. #113) is **DENIED.**

Also before the Court is plaintiff's Motion for Judge Steel [sic] to Review (Doc. #112) filed on February 17, 2017.  Defendants filed a Response (Doc. #118) on March 6, 2017.  Plaintiff alleges that he has asked Florida probation supervisor Michele Reno for permission to use the internet for various reasons including accessing court documents, writing the attorney general, and communicating via email with family, attorneys, and doctors, etc. (Doc. #112, ¶ 3.)  Plaintiff alleges that Michele Reno's denial of his requests to use the internet violates his First Amendment rights.  (Id. ¶ 4.)  Plaintiff seeks an injunction preventing his probation supervisor Michele Reno from denying him access to the internet.  (See Doc. #112.)

---

[1] The Court also notes that plaintiff has not based any of his claims on the legality of Lee County Ordinance 11-05.

Defendants first point out that plaintiff's Motion seeks relief from an individual who is not currently before the Court. (Doc. #118, p. 3.)  The Court agrees, and for the reason alone that the Court does not have the power to grant the relief requested, the Court **denies** plaintiff's Motion.

Accordingly, it is hereby

**ORDERED:**

1.   Plaintiff's Motion to Appoint Council [sic] Review by Judge Steel [sic] (Doc. #113) is **DENIED**.

2.   Plaintiff's Motion for Judge Steel [sic] to Review (Doc. #112) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of March, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record