UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH M. VERRIER,

    Plaintiff,

v.                                                    Case No: 2:14-cv-744-FtM-29CM

PETER PERRINO and DIANE
LAPAUL,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Compel (Doc. 127); Plaintiff's Rule 45 Motion to Compel (Doc. 131); Plaintiff's Motion to Compel (Doc. 134); and Plaintiff's Motion for Discovery Cost Shifting (Doc. 138). Defendants filed responses in opposition to Plaintiff's motions to compel (Docs. 127, 131, 134). Docs. 132, 135. Plaintiff filed a reply to Defendants' response in opposition (Doc. 135) without obtaining leave of Court. Doc. 137.

As an initial matter, the Court will not consider Plaintiff's reply brief and will strike it. Doc. 137. The Court noted several times in its previous Orders that even when Plaintiff is proceeding *pro se*, he "must follow the rules of procedure," and "the district court has no duty to act as his lawyer." *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) (citations omitted); Docs. 115 at 2, 126 at 2. Pursuant to Middle District of Florida Local Rule 3.01(c), "[n]o party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave." Accordingly, Plaintiff must have obtained leave of Court before filing

any reply brief. *See* M.D. Fla. R. 3.01(c). Here, because Plaintiff filed a reply brief without obtaining leave of Court in violation of Local Rule 3.01(c), the Court will strike his reply brief and not consider it. Doc. 137.

Next, the Court will address Plaintiff's motions individually. In his first Motion to Compel, Plaintiff seeks Defendants to produce certain documents related to his requests for admissions dated July 10, 2017. Doc. 127 at 1-2. Plaintiff's requests for admissions concern Defendants' electronic data regarding their GPS monitoring of Plaintiff. Doc. 127-1 at 1-2. Defendants admitted they can make electronic adjustments to their GPS monitoring units so that alarms and warnings of their GPS monitoring system would not work in specific circumstances. *Id.* at 4. Plaintiff also served a request for production of documents, seeking a paper copy of "all data held by Florida [Department of Corrections ("DOC"),] or the GPS monitoring center contracted with Florida DOC for Plaintiff in [his] entire period on probation in Florida." *Id.* at 2-3. Defendants objected to this request, asserting this request is unduly vague and ambiguous, and they are not in possession of any documents responsive to this request. *Id.* at 5.

Plaintiff argues the requested data are part of public records under the Florida Public Records Act, Chapter 119 of the Florida Statutes. Doc. 127 at 4. Plaintiff also relies on Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, which states a party may serve a discovery within the scope of Rule 26(b)

> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

> (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. . . .

Fed. R. Civ. P. 34(a)(1); Doc. 127 at 7. Defendants respond that Plaintiff's request raises security concerns and also is vague, ambiguous and not proportional to the needs of this case. Doc. 132 at 2. Defendants also assert Plaintiff's discovery request accomplishes nothing but affirming what they already admitted. *Id.* at 2-3.

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . *the proposed discovery is outside the scope permitted by Rule 26(b)(1).*" Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

Accordingly, the Court previously has found a party moving to compel discovery has the burden to prove the relevancy of the requested information when the relevancy of the information sought is not clear. *Schumann v. Collier Anesthesia, P.A.*, No. 2:12-cv-347-FtM-29UAM, 2014 WL 1261919, at *2 (M.D. Fla. Jan. 21, 2014) (citation omitted); *Berman v. Kafka*, No. 3:13-cv-1109-J-JBT, 2014 WL

12617002, at *1 (M.D. Fla. July 25, 2014) (citation omitted) ("When the relevancy of information sought cannot be discerned from a review of the discovery request, . . . the party seeking to compel responses must demonstrate relevancy."); *Bright v. Frix*, No. 8:12-cv-1163-T-35MAP, 2016 WL 1011441, at *1 (M.D. Fla. Jan. 22, 2016) (citation omitted); Doc. 126 at 4-5.

Here, the Court cannot discern the relevancy of the electronic data sought, especially given Defendants' admissions. *See Schumann*, 2014 WL 1261919, at *2; *Berman*, 2014 WL 12617002, at *1; *Bright*, 2016 WL 1011441, at *1. Furthermore, Plaintiff's Third Amended Complaint arises from one incident that occurred on December 24, 2014. *See* Doc. 46 at 2 ("On December 24, 2014, [P]laintiff went to a restaurant without part of his GPS unit, or without his entire GPS unit. . . ."). Nonetheless, Plaintiff seeks the production of "all data" regarding Defendants' GPS monitoring of him during the "entire period" of his probation in Florida. Doc. 127-1 at 2-3. In light of the facts at issue and Defendants' admissions, the Court finds Plaintiff has not demonstrated the relevancy of his discovery request, and the information sought is outside the scope of Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1); *Schumann*, 2014 WL 1261919, at *2; *Berman*, 2014 WL 12617002, at *1; *Bright*, 2016 WL 1011441, at *1. Accordingly, the Court will sustain Defendants' objections and deny Plaintiff's motion to compel (Doc. 127). *See* Fed. R. Civ. P. 26(b)(2)(C).

With regard to Plaintiff's Rule 45 Motion to Compel, Plaintiff seeks to compel his former counsel Roy Foxall to produce documents mailed by Foxall to Defendants on behalf of Plaintiff in November 2014. Doc. 131 at 2. By obtaining these

documents and any related mail receipts, Plaintiff desires to rebut Defendants' claim they did not receive these documents. *Id.* Plaintiff attached a subpoena issued to Foxall, which requested Foxall to produce the documents at issue. Doc. 131-2 at 2. The Court previously addressed and denied Plaintiff's similar discovery request and noted Foxall has not entered a formal appearance in this matter. Doc. 126 at 5. Furthermore, it is not clear at all if the issue of whether Defendants received the documents at issue in November 2014 is relevant here. *See* Fed. R. Civ. P. 26(b)(1); *Schumann*, 2014 WL 1261919, at *2; *Berman*, 2014 WL 12617002, at *1; *Bright*, 2016 WL 1011441, at *1. As a result, the Court will deny Plaintiff's Rule 45 Motion to Compel (Doc. 131). *See* Fed. R. Civ. P. 26(b)(2)(C).

With regard to his third Motion to Compel, Plaintiff states he sent a subpoena by certified mail to the DOC, specifically addressed to Jenny Nimer. Docs. 134 at 1, 134-1 at 2. Plaintiff argues that although Florida law allows the service of a subpoena by mail, the DOC refused to comply with the subpoena based on the improper service of the subpoena. Docs. 134 at 2, 134-1 at 3 (the letter from the DOC's Assistant General Counsel stating that "[t]here must be written confirmation of delivery with the date of service and the name and signature of the person accepting the subpoena."). Plaintiff requests the Court to compel the DOC to comply with the subpoena. Doc. 134 at 3. Defendants respond Plaintiff's argument is frivolous and without merit because it lacks any legal support. Doc. 135 at 3.

The Court cannot verify whether Plaintiff's subpoena complies with Rule 45 because Plaintiff has not provided a copy of the subpoena mailed to the DOC. *See*

Fed. R. Civ. P. 45(a)(1)(A); *Johnson v. Petsmart, Inc.*, No. 6:06-cv-1716-Orl-31UAM, 2007 WL 2852363, at *2 (M.D. Fla. Oct. 2, 2007) ("As Plaintiff fails to attach the subpoenas in question, the Court cannot verify the form or content of the subpoenas."); *Jenkins v. Winn-Dixie Stores, Inc.*, No. 3:14-cv-1104-J-34MCR, 2015 WL 12915699, at *1 (M.D. Fla. Oct. 5, 2015) ("[W]hile Defendant attached the return of service for the subpoenas, it does not appear that Defendant attached the subpoenas. As such, the Court cannot verify the form or content of the subpoenas to ensure Defendant complied with Rule 45."). The Court cannot compel the DOC to comply with the subpoena until the Court can verify the subpoena is properly issued and served. *See* Fed. R. Civ. P. 45(a)(1)(A); *Johnson*, 2007 WL 2852363, at *2; *Jenkins*, 2015 WL 12915699, at *1. Accordingly, Plaintiff's Motion to Compel (Doc. 134) is denied.

Lastly, Plaintiff appears to have sought the production of unspecified documents from the DOC by serving a subpoena upon Bradley Rouskey of the DOC on August 14, 2017. Doc. 138 at 1. Plaintiff received the DOC's response, which states that the DOC will produce the requested documents if Plaintiff pays for fees associated with the production of the requested documents. Docs. 138-2, 138-3. Plaintiff asserts a party should bear its own costs in responding to a discovery request. Doc. 138 at 3. He seeks the Court to compel Defendants to produce the requested documents without shifting the associated discovery costs to him. *Id.* at 4. Although Plaintiff states Defendants oppose the requested relief, they have not filed a response in opposition, creating a presumption that this motion is unopposed.

*Id.* *See Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012).

Plaintiff again has not attached a copy of the subpoena at issue to the present motion, and the Court cannot verify the content of the subpoena. *See* Fed. R. Civ. P. 45(a)(1)(A); *Johnson*, 2007 WL 2852363, at *2; *Jenkins*, 2015 WL 12915699, at *1. Nonetheless, because the DOC agreed to produce the requested documents upon its receipt of costs associated with the production, and Defendants do not contest the present motion, the Court will direct Defendants to produce the requested documents without shifting the associated costs to Plaintiff.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Compel (Doc. 127) is **DENIED**.

2. Plaintiff's Rule 45 Motion to Compel (Doc. 131) is **DENIED**.

3. Plaintiff's Motion to Compel (Doc. 134) is **DENIED**.

4. Plaintiff's Motion for Discovery Cost Shifting (Doc. 138) is **GRANTED**. Plaintiff shall have up to and including **October 12, 2017** to submit a copy of the subpoena served upon Bradley Rouskey to Defendants. Defendants shall have up to and including **October 26, 2017** to produce the requested documents. Plaintiff shall not be responsible for costs associated with this discovery request.

4. Plaintiff's Response to Defendants' Response for Motion to Compel (Doc. 137) is **STRICKEN**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 5th day of October, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties